UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF MAINTENANCE DREDGING I, LLC AND MAINTENANCE DREDGING, INC. | CIVIL ACTION<br><br>NO. 21-1648<br><br>SECTION: "G" |

## ORDER AND REASONS

Before the Court is Limitation Claimant Clifford Alexander's ("Alexander") "Motion to Dissolve Injunction, Stay Limitation Action, and Allow the Claim to Proceed in State Court with Protective Stipulations."[1] Limitation Plaintiffs Maintenance Dredging I, LLC and Maintenance Dredging, Inc. (collectively, "Maintenance Dredging") have not filed an opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[2] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

### I. Background

On August 27, 2021, Maintenance Dredging filed a complaint for exoneration from, or alternatively, limitation of liability in this Court.[3] Maintenance Dredging filed an amended

---

[1] Rec. Doc. 12.

[2] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir.1993).

[3] Rec. Doc. 1.

1

complaint on September 20, 2021.[4] In the Amended Complaint, Maintenance Dredging alleges that on or about November 29, 2020, the DREDGE GEORGIA was operating in the navigable waters of the United States.[5] Maintenance Dredging further alleges that the Dredge Engineer, Clifford Alexander, removed a dredge engine radiator cap and sustained steam and water burns to his face, neck, chest, arms, and right hand.[6] On September 22, 2021, the Court approved Maintenance Dredging's declarations of value, security, and ad interim stipulation.[7] The Court also directed issuance of notice to all claimants and enjoined prosecution of claims.[8] Claimant Clifford Alexander was the only individual to file a claim in this matter.[9]

Claimant Alexander filed the instant motion on February 18, 2022, and the motion was set for submission on March 9, 2022.[10] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[11] Thus, Maintenance Dredging's opposition was due on March 1, 2022. To date, Maintenance Dredging has not opposed the motion. Therefore, the motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[12]

---

[4] Rec. Doc. 5.

[5] *Id.* at 5.

[6] *Id.*

[7] Rec. Doc. 7.

[8] *Id.*

[9] Rec. Doc. 9.

[10] Rec. Doc. 12.

[11] EDLA Local Rule 7.5.

[12] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir.1993).

In the instant motion, Alexander asks the Court to dissolve the injunction and stay this matter so that he can pursue his claim in state court.[13] Alexander argues that Fifth Circuit precedent authorizes a single claimant to pursue his case in state court so long as the claimant files appropriate protective stipulations.[14] Alexander contends that he has made adequate stipulations that preserve Maintenance Dredging's rights under the Limitation of Liability Act.[15]

## II. Law & Analysis

Under the Limitation of Liability Act, "[a] shipowner facing potential liability for a maritime accident may file suit in federal court … to limit his liability for damages or injuries arising from a maritime accident to 'the amount or value of the interest of such owner in such vessel, and her freight then pending,' if the accident occurred without the shipowner's 'privity or knowledge.'"[16] When the shipowner files such a suit, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[17] Doing so gives the federal court "exclusive jurisdiction [over] suits brought under the Act."[18] However, "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court, the federal court must allow the claimant's action to proceed in state court while retaining jurisdiction of the limitation of liability

---

[13] Rec. Doc. 12.

[14] *Id.* at 2–3.

[15] *Id.* at 5–6.

[16] *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 315 (5th Cir. 1995).

[17] *Id.*

[18] *Id.*

action."[19] "[A] single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the act."[20] Thus, a single claimant may pursue a state court claim after doing the following: (1) "the claimant must stipulate that the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability" and (2) "the claimant must stipulate that no judgment will be asserted against the shipowner to the extent it exceeds the value of the limitation fund."[21]

Alexander is the only claimant in this matter. Furthermore, he has stipulated to the following:

> 1. This Court has continuing, exclusive jurisdiction to determine all issues related to Maintenance Dredging's statutory right to limit its liability under the Limitation of Liability Act and, relatedly, the proper value of the limitation fund. However, the claimant expressly reserves his right to deny and contest in this Court all assertions and allegations made by Maintenance Dredging in its live limitation complaint.
>
> 2. The claimant will not seek any judgment or ruling on the issue of Maintenance Dredging's right to limitation of liability in any other federal or state court.
>
> 3. In the event that limitation is granted, the claimant will not seek to enforce any judgment against Maintenance Dredging that exceeds the value of the limitation fund as determined by this Court.
>
> 4. The claimant waives any claim of res judicata or issue preclusion related to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court.[22]

---

[19] *In re Tetra Applies Technologies, LP*, 362 F.3d 338, 340 (5th Cir. 2004).

[20] *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006).

[21] *Texaco, Inc. v. Williams*, 47 F.3d 765, 767–68 (5th Cir. 1995).

[22] Rec. Doc. 12–3.

Because Alexander has filed the appropriate stipulations, the injunction may be dissolved, allowing Alexander to pursue his claim in state court. Accordingly,

**IT IS HEREBY ORDERED** that Claimant Alexander's Motion[23] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's injunction restraining prosecution of Alexander's claims[24] in state court is lifted.

**IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED,** to be reopened, if necessary, upon a motion of the parties.

**NEW ORLEANS, LOUISIANA,** this 21st day of March, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[23] Rec. Doc. 12.

[24] Rec. Doc. 7.